41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
John MOLINARO, Defendants,
and
Jan Y. Kurahara, a Professional Corporation; Michael T.
Morrissey, a Professional Corporation; Real
Parties in Interest-Appellants.
 No. 93-55341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Nov. 9, 1994.
 
 Before: BROWNING, SCHROEDER, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan Y. Kurahara, a professional corporation, and Michael T. Morrissey, a professional corporation, appeal the district court's order holding each of them liable to the FDIC for unreasonable fees and costs which the district court had previously ordered to be paid by the law firm in which Kurahara and Morrissey were partners. We affirmed the district court's order against the partnership in a memorandum disposition filed February 8, 1993, in an earlier appeal, FDIC v. Molinaro, No. 91-56212 (9th Cir.), cert. denied, 114 S.Ct. 383 (1993).
 
 
 3
 The FDIC initially contends the appeal is untimely because it was not filed within the 30-day time limit provided by 12 U.S.C. Sec. 1821(q)(1). That statute establishes an accelerated schedule for certain FDIC claims against entities that provided services to an insured depository institution. It does not appear on this record that either of the appellants or their client, Kimberleigh Ferm, performed any such services. Therefore the appeal is timely.
 
 
 4
 Appellants' contentions lack any merit. In the earlier appeal, we rejected the contentions of the appellants' predecessor partnership firm that the district court lacked jurisdiction to enter the underlying order holding the firm accountable for excess fees. Apparently to circumvent that ruling and avoid repaying the fees, the appellants now contend that because the prior law firm has dissolved and its members have become separate professional corporations, appellants are not responsible for repaying the fees.
 
 
 5
 Kurahara and Morrissey have been at all material times the real parties in interest in the entire proceeding. These appellants, even though they currently style themselves as "professional corporations," are the same individuals who were the partners in the partnership that was the appellant in the prior appeal. Appellants cannot relitigate the issues decided adversely to the partnership in he earlier appeal. See United States v. Geophysical Corp., 732 F.2d 693, 697-98 (9th Cir.1984); In re Gottheiner, 703 F.2d 1136, 1139-40 (9th Cir.1983). Appellants have had their day in court.
 
 
 6
 Appellants' contention that the prior judgment is not enforceable against them is equally unavailing. The district court correctly ruled that under California law, partners continue to be individually liable to creditors until adequate provision is made for partnership obligations. See California Corporations Code Secs. 15030, 15035, 15036. No provision for payment has been made. Appellants are responsible for payment.
 
 
 7
 The district court's order making Kurahara and Morrissey personally liable for the previous repayment order against Kurahara and Morrissey is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3